DLD-224                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4563
_____

MICHAEL THOMASTON,
Appellant

v.

PHYSICIAN ASSISTANT CHRISTOPHER MEYER;
SUPERINTENDENT BRIAN V. COLEMAN;
UNIT MANAGER REBECCA PETRUS; UNIT MANAGER SCOOT HOWELL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-00161)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 5, 2013 )
_____

OPINION
_____

PER CURIAM

Michael Thomaston ("Thomaston"), a Pennsylvania prisoner proceeding pro se, appeals

from an order of the United States District Court for the Western District of Pennsylvania

dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the

1

reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Thomaston filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against various medical professionals and administrators associated with the Pennsylvania State Prison, alleging that they violated his privacy rights under the Fourteenth Amendment. Specifically, he alleges that the Defendants denied his requests for single cell status, or "Z" Code status, which resulted in his cellmates learning of his medical condition that causes him to urinate and defecate while he is asleep. The Defendants filed motions to dismiss, which a Magistrate Judge recommended granting. By order entered December 12, 2012, the District Court adopted the Magistrate Judge's Report and Recommendation and Thomaston filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief

2

under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court's dismissal of the complaint. To establish a substantive due process claim under the Fourteenth Amendment, a plaintiff must demonstrate: 1) an actor engaged in conduct under color of state law; 2) a deprivation of a protected liberty interest by that conduct; and 3) the deprivation shocks the conscience. Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008). Here, there is no dispute that the Defendants were acting under state law.

Turning to the second prong of the due process inquiry, while we recognize that Thomaston has a Fourteenth Amendment right to medical privacy, this right is "subject to legitimate penological interests." Doe v. Delie, 257 F.3d 309, 323 (3d Cir. 2001). In this instance, the prison has a penological interest in the housing placement of its inmates and "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). Courts will generally not interfere with prison administrative matters and will afford significant deference to judgments of prison officials regarding prison regulation and administration. See, e.g., Jones v. N. Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 126, (1977) ("Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."). Moreover, it is well-settled

3

that prisoners do not have a due process right to be single-celled. See Rhodes v. Chapman, 452 U.S. 337 (1981). Taking into account the fact that Thomaston has no due-process right to be placed in "Z" Code, and giving deference to the prison officials' determination that did not qualify for "Z" Code status, we conclude that Thomaston has not shown a deprivation of a protected liberty interest and the District Court properly dismissed the complaint.

Finally, even if Thomaston could show that he was deprived of a protected liberty interest, we agree with the District Court that Defendants' conduct in not granting Thomaston a single cell did not "shock the conscience." See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); see also Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct."). Thomaston has not alleged that the Defendants deliberately disclosed his medical condition to the other inmates; rather the information was divulged by virtue of his housing status. Moreover, other than general assertions that he is being subject to "stigma, gossip, harassment, fights, assaults," as a result of other inmates' knowing his medical condition, there are no specific allegations demonstrating actual violence or harassment from other inmates such that Defendants' conduct in not granting him "Z" Code status "shocks the conscience." Id.[1]

IV.

---

[1] As the District Court notes, the exhibits attached to Thomaston's complaint show that he is the one who initiated assaults against his cellmates, not the other way around.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.[2] We deny the motion for appointment of counsel.

---

[2] We are satisfied that amendment to Thomaston's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).